FILED
United States Court of Appeals
Tenth Circuit

January 20, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IVAN ALLEN,

    Defendant - Appellant.

No. 21-2067
(D.C. No. 1:19-CR-01204-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Ivan Allen's plea agreement pursuant to *United States v. Hahn*,

359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), and 10th Cir. R. 27.3(a)(1)(c).

Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the

appeal.

Mr. Allen pleaded guilty to two counts of assaulting a federal officer involving

physical contact. As part of the plea agreement, he waived his right to appeal his

conviction and any sentence within the statutory maximum. Both by signing the

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

written plea agreement and in his responses to the court's questions at the change of plea hearing, Mr. Allen acknowledged that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and the appeal waiver. The court accepted the plea and sentenced Mr. Allen to 21 months' imprisonment. Despite receiving a sentence well below the statutory eight-year maximum, *see* 18 U.S.C. § 111(a), he filed a notice of appeal. His docketing statement indicates that he intended to challenge the validity of his guilty plea, the validity and enforceability of the appeal waiver, and the reasonableness of his sentence.

In response to the government's motion to enforce the appeal waiver, Mr. Allen's counsel cited *Anders v. California*, 386 U.S. 738, 744 (1967), and stated that Mr. Allen has no non-frivolous argument against enforcement of his appeal waiver. Counsel also requested permission to withdraw from representing Mr. Allen. *See id.* We gave Mr. Allen an opportunity to file a pro se response to the motion to enforce, but he has not done so.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcing it would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Having reviewed the proceedings in accordance with our obligation under *Anders*, *see* 386 U.S. at 744, we conclude that the *Hahn* factors have been met and that there is no non-frivolous argument to make against enforcing the appeal waiver.

2

Accordingly, we grant the government's motion to enforce Mr. Allen's appeal waiver and dismiss this appeal.  We also grant defense counsel's motion to withdraw.

Entered for the Court
Per Curiam